UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEXTER JEROME LEE,

    Petitioner,

v.                                        Case No. 8:04-CV-1877-T-30TGW

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.

    Respondents.
_____/

## ORDER

This matter comes before the Court upon Petitioner's Notice of Appeal (Dkt. 34) of the July 18, 2007 decision (Dkt. 31) denying his petition for relief under 28 U.S.C. § 2254, and Application for Certificate of Appealability filed pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (Dkt. 35). Petitioner did not pay the $455 appellate filing fee or file a request to proceed on appeal *in forma pauperis*.

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

To obtain a certificate of appealability where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).

The Court found that Petitioner's challenge to his conviction lacked merit. Because Petitioner has failed to demonstrate[3] that reasonable jurists would find the Court's assessment of the Petition debatable or wrong, he has failed to satisfy the two-prong *Slack* test. 529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Application for Certificate of Appealability (Dkt. 35) is **DENIED**.

2. Petitioner is hereby assessed the $455.00 appellate filing fee and costs.

**DONE** and **ORDERED** in Tampa, Florida on August 23, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record
SA:sfc

---

[3] In fact, in his application for a certificate of appealability, Petitioner does not challenge the Court's denial of the claims he raised in his petition for writ of habeas corpus, but instead raises a new claim that was not presented in his federal habeas petition (Dkt. 1).