UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEXTER JEROME LEE,

      Petitioner,

v.                                        Case No. 8:04-CV-1877-T-30TGW

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.

      Respondents.

_____/

**O R D E R**

This matter is before the Court for consideration of Petitioner's motion for leave to proceed on appeal *in forma pauperis* (Dkt. 37), and motion for reconsideration of the Court's August 23, 2007 order denying Petitioner's application for certificate of appealability (Dkt. 38). Petitioner fails to cite any legal authority for his motion for reconsideration.

Fed. R. Civ. P. 60(b) provides a vehicle by which a party may seek relief from an order. Grounds for relief include, *inter alia,* mistake, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b). Rule 60(b)(1), for example, permits courts to reopen judgments for reasons of "mistake, inadvertence, surprise, or excusable neglect." *Id.* With the exception of subsection (6), relief from a judgment pursuant to Rule 60(b) must be on motion made within one year of the judgment, therefore Petitioner's motion is timely pursuant to that rule.

Petitioner has not demonstrated that the judgment was entered as a result of a mistake, inadvertence, or surprise. While Rule 60(b)(6) affords the district courts discretion to grant relief in order to do justice, the Court is guided in the exercise of its discretion by settled circuit precedent. The Eleventh Circuit has held that "[R]ule 60(b)(6) should be construed in order to do substantial justice . . . , but this does not mean that final judgments should be lightly reopened." *See e.g. Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted) (stating "[t]he desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments.").

Plaintiff has failed to demonstrate that exceptional circumstances warrant granting him relief from the Court's order. *See Crapp v. City of Miami Beach Police Dep't*, 242 F.3d 1017, 1020 (11th Cir. 2001) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d at 680 (citations omitted) ("[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.")). *See also Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000), (quoting *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000) (stating that "a Rule 60(b)(6) motion, by which a court has discretion to grant a new trial for 'any other reason justifying relief from the operation of the judgment,' is intended 'only for extraordinary circumstances.'")). Simply put, Petitioner has not demonstrated any basis for the Court to reconsider its order.

**ACCORDINGLY**, the Court **ORDERS** that:

1.  Petitioner's motion for reconsideration is **DENIED** (Dkt. 38).

2. Petitioner's request for leave to proceed on appeal *in forma pauperis* is **DENIED** (Dkt. 37).

**DONE** and **ORDERED** in Tampa, Florida on September 17, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copies furnished to:
All Counsel/Parties of Record